DELAMOUR<br>*v.*<br>ROGER.

---

## JOSEPH WILSON *v.* H. C. CAMMACK & Co.

Defendants chartered a ship from plaintiff, and bound themselves to furnish a full cargo; instead of so doing, they notified plaintiff that they considered themselves absolved, and that they would not furnish the cargo. The measure of damage is not necessarily the amount of freight upon a full cargo, but the damage actually suffered, in view of the state of things which existed at the time of the notification,

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Benjamin* and *Micou*, for plaintiff. *E. A. Bradford* and *Edward Briggs*, for defendants. By the court:

PRESTON, J. In March 1850, the defendants chartered the ship Loodianah, and agreed to furnish a full cargo of cotton from this port to Liverpool, and pay freight at the rate of seven sixteenth's of a penny per pound.

The plaintiff stipulated for five days notice of the defendants' readiness to load, and obligated himself to take the cargo on board in fifteen days. This notice was given on the 26th of March, and, on the 30th, the agents of the plaintiff answered, that they were prepared to receive the cargo as fast as required within the time specified in the charter party.

On the 1st of April, the defendants informed the plaintiff, that they were ready to send the cargo on board, but as the vessel was not ballasted and in a fit condition to receive cargo, they considered the charter party as forfeited by his default, and should act accordingly. On the 2d of April, the plaintiff tendered bond to perform the conditions of the charter party. On the 3d, the defendants answered that they considered the charter party forfeited, and had disposed of the cotton intended for the ship. On the 11th of April, the plaintiff informed the defendants, that he would hold them accountable for his loss, but would dispose of the ship for the best advantage, not being desirous to claim a loss which may be avoided.

He now sues for the whole amount of the freight on a full cargo of cotton, from New Orleans to Liverpool. The defendants plead that the charter party became forfeited by the default and breach of the agreement on the part of the plaintiff, and that they are not liable to him for freight or damages.

The case presents questions of fact alone. We think with the district judge, who has analyzed the testimony minutely, that the evidence preponderates in favor of the plaintiff, and shows that he was ready, willing and able to have complied with the terms of the charter party. If freights had greatly risen, and the plaintiff had refusad to take the cargo at all, or within the fifteen days allowed for so doing, we assuredly, on the testimony before us, would have considered him liable to the present defendants for all the damages they would thereby have suffered; and for the same reason, think them liable to him for the damages he has suffered.

We cannot, however, concur with the district court in giving the plaintiff his whole net freight, nor is it necessary, as urged by the counsel of the defendants, to require from the plaintiff an account of the profits he made by the subsequent voyage, being released from the engagement to Liverpool; though, certainly his last letter to the defendants indicated his intention to do so. As the defendants did not accept his proposition, they cannot call for his compliance with it; and as the plaintiff has not given an exact account of that voyage, we cannot take for granted that it produced nothing.

We think, then, that the damages for the failure of the defendants to comply with their contract, can and ought to be determined by the state of things which existed at the time they notified the plaintiff that they did not feel themselves bound by it.

They had agreed to pay seven sixteenths of a penny per pound for the freight of the cotton. It is sufficiently shown by the evidence, in fact the plaintiff has filed a document showing it himself, that when the breach of the contract took place, the current rate of the freight of cotton from this port to Liverpool, was five sixteenths of a penny per pound. Therefore, the plaintiff was necessarily

subjected to the loss of an eighth of a penny per pound, with five per cent primage, by the terms of the charter party, but not necessarily subject to any more.

We think, from the testimony, 2700 bales or 1,269,000 pounds of cotton, was a fair and reasonable cargo for the vessel.

The loss of the plaintiff calculated from these data, amounted to two thousand eight hundred and thirty dollars, which the defendants are liable to pay.

The judgment of the district court is reversed; and it is decreed, that the plaintiff recover from the defendants, the sum of two thousand eight hundred and thirty dollars, with interest from this date, and costs in the district court; and that the plaintiff and appellee pay the costs of this appeal.